**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SAMUEL HOFFMAN
33 Conover Place,
Newtown, PA 18940

     Plaintiff

v.

LIFE INSURANCE COMPANY OF NORTH     No.
AMERICA
1601 Chestnut Street
Philadelphia, PA 19192

     Defendant.

## COMPLAINT

Plaintiff Samuel Hoffman, through his undersigned counsel, for his Complaint against Life Insurance Company of North America states as follows.

## INTRODUCTION

1.     This is an action brought pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). ERISA is a remedial statute that Congress enacted to protect "the interests of participants in employee benefit plans and their beneficiaries" by requiring the establishment of uniform standards of disclosure, conduct, and fiduciary responsibility. 29 U.S.C. § 1001(b). It imposes higher than marketplace standards on insurers and employee benefit plan fiduciaries – like Defendant – who must act in the sole interest of benefit plan participants and their beneficiaries for the exclusive purpose of providing benefits under the terms of an employee benefit plan.

1

2.      Defendant wrongfully denied Mr. Hoffman the employee benefits he was entitled to under the terms of his former employer's long-term disability insurance plan ("the Plan"), and denied him a full and fair review of his claim for Plan benefits when he appealed the adverse claim determination at issue in this case.

## THE PARTIES

3.      Mr. Hoffman is a resident of Newtown, Bucks County, Pennsylvania, a former employee of Delicato Vineyards, LLC ("Delicato") and a participant in the Plan.

4.      The Plan is an employee welfare benefit plan that provides long-term disability ("LTD") benefits to eligible Plan participants subject to the terms of the Plan.

5.      Life Insurance Company of North America ("LINA") is an insurance company organized under the laws of Pennsylvania with its principal place of business located in Pennsylvania.

6.      LINA issued a group policy of insurance bearing policy number LK-0965667 to fund the Plan's LTD program, and also insures and administers the Plan's LTD benefits program.

7.      LINA is a fiduciary as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), as it, *inter alia*, exercises authority or control respecting management or disposition of Plan assets.

## THE TERMS OF THE PLAN

8.      The Plan provides LTD benefits to eligible Plan participants who meet the Plan's definition of disability as set forth in the Group Policy ("the Policy").

9.      Delicato is organized under the laws of California with its principal place of business located in California.

10.     California Insurance Code § 10110.6 bans the use of discretionary clauses in disability insurance policies, and ERISA does not preempt such prohibition. Cal. Ins. Code § 10110.6 (West).

11.     As such, LINA's claim determination in this matter is reviewed *de novo*.

12.     The Policy defines Disability for the purpose of receiving LTD benefits as follows:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform all the material duties of his or her Regular Occupation, and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 60% or more of his or her Indexed Earnings.

13.     "Material duties" is not defined by the Policy.

14.     "Sickness" is defined as "a physical or mental illness."

15.     Injury is defined as "[a]ny accidental loss or bodily harm that results directly and independently from all other causes of an Accident."

16.     "Regular Occupation" is defined as follows:

> The occupation you routinely perform at the time the Disability begins. In evaluating the Disability, we will consider the duties of the occupation as it is normally performed in the general labor market in the national economy. It is not work tasks that are performed for a specific employer or at a specific location.

17.     The Plan provides LTD benefits in an amount equal to sixty percent (60%) of the Plan participant's monthly "Covered Earnings."

18.     Covered Earnings means:

3

an Employee's wage or salary as reported by the Employer for work performed for the Employer as in effect just prior to the date Disability begins…It does not include amounts received as bonus, commissions, overtime pay or other extra compensation.

19.     Under the Plan, Mr. Hoffman became eligible for LTD benefits upon remaining disabled and completing a 180 day elimination period.

20.     The Policy states that LINA "will not pay benefits for any period of Disability caused or contributed to by, or resulting from, a Pre-existing Condition."

21.     The Policy defines a "pre-existing condition" as follows:

any Injury or Sickness for which you incurred expenses, received medical treatment, care or services including diagnostic measures, took prescribed drugs or medicines, or for which a reasonable person would have consulted a Physician within 3 months before your most recent effective date of insurance.

22.     Under the Plan, Mr. Hoffman is entitled to receive LTD Benefits until his sixty-fifth (65th) birthday.

## JURISDICTION AND VENUE

23.     The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under ERISA – a law of the United States – and specifically pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f), which gives the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

24.     The Court has personal jurisdiction over Defendant because Defendant regularly transacts business in this District and Division, and Defendant has consented to the Court's personal jurisdiction. This Court also has personal jurisdiction over Defendant because Defendant maintains its principal places of business in this Division and District.

25.     Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because at all relevant times: (a) the breaches and violations giving rise to the claims occurred in this District;

4

and (b) Defendant may be found in this District. Venue is also proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

26.     Mr. Hoffman suffered a stroke in 2011, which caused ongoing health challenges.

27.     Delicato hired Mr. Hoffman to perform the role of "systems manager" on September 24, 2024. As a full-time Delicato employee, Mr. Hoffman participated in the Plan.

28.     Mr. Hoffman stopped working on February 26, 2025 due to cognitive symptoms.

29.     In April 2025, Mr. Hoffman's medical providers concluded that he was likely suffering from vascular dementia, and, because he suffered from vascular dementia, was no longer able to work in any capacity.

30.     Mr. Hoffman filed a claim for LTD benefits on July 9, 2025.

31.     LINA denied Mr. Hoffman's claim on August 5, 2025 because his disability was caused by a pre-existing condition for which received treatment during the three month look-back period defined in the Policy.

32.     In its denial letter, LINA wrote that "while you did not specifically treat for vascular dementia during this time, you did receive treatment for additional symptoms and conditions that caused or contributed to the diagnosis of vascular dementia."

33.     Mr. Hoffman appealed LINA's denial on January 28, 2026.

34.     On March 20, 2026, LINA upheld its denial of Mr. Hoffman's claim for LTD benefits.

## COUNT I – DENIAL OF LTD BENEFITS
## PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

35.     Mr. Hoffman repeats, reaffirms, and realleges paragraphs one (1) through thirty four (34) of the Complaint as if fully restated at length herein.

36.     Mr. Hoffman has exhausted his internal remedies under the Plan and, thus, all conditions precedent to the filing of this action have been performed or have occurred.

37.     Mr. Hoffman is entitled to LTD benefits under the terms of the Plan because he was disabled as defined by the Plan.

38.     The denial of Mr. Hoffman's claim for benefits was contrary to the terms of the Plan, *de novo* wrong, and an abuse of discretion.

39.     Mr. Hoffman's disability is not due to a preexisting condition, as that term is used in the Plan.

40.     LINA failed to provide Mr. Hoffman with a full and fair review of his claim in violation of Section 503 of ERISA, 29 U.S.C. § 1133, as well as C.F.R. § 2560.503-1, by *inter alia*, improperly applying the terms of the Plan, cherry picking the evidence reviewed in connection with his claim, relying on the flawed and self-serving reports of its consultant, and ignoring the opinions of Mr. Hoffman's treating healthcare providers.

41.     Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

42.     As a result of LINA's denial of Mr. Hoffman's claim for benefits, subsequently upholding that decision, and the refusal to overturn it, there exists an actual case and controversy

6

by and between the parties hereto entitling Mr. Hoffman to a declaration of rights clarifying the benefits to which he is entitled under the Plan.

WHEREFORE, Mr. Hoffman prays the Court grant him the following relief with respect to Count I of his Complaint:

    a.  That the Court enter judgment in favor of Mr. Hoffman and against LINA, and award him all past due disability benefits and future benefits pursuant to the terms of the Plan;

    b.  Order LINA to pay Mr. Hoffman prejudgment interest on all benefits that have accrued prior to the date of judgment;

    c.  That the Court award Mr. Hoffman his reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against LINA; and

    d.  That Mr. Hoffman recovers any and all other relief to which he may be entitled.

Respectfully submitted,

/s/ Adam H. Garner
Adam Harrison Garner (320476)
Jacob Day (334860)
The Garner Firm, Ltd.
1617 John F. Kennedy Blvd., Suite 1111
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
adam@garnerltd.com

Attorneys for Plaintiff

Dated: May 11, 2026

7